UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN STANLEY IVIE,

          Petitioner,

   v.

RONALD HAYNES,

          Respondent.

CASE NO. 3:22-cv-05197-RSM-BAT

**REPORT AND RECOMMENDATION**

    Plaintiff, a detainee at the Stafford Creek Corrections Center, seeks for the second time federal habeas relief from his 2015 convictions and 213-month sentence in Mason County Superior Court for Eluding a Pursuing Police Vehicle, two Counts of Assault in the first Degree, and one count of Assault in the Third Degree in case number 12-1-00064-6. *See* Dkt. 4 and Exhibit at 1.

    This is the second federal petition for federal habeas relief Petitioner has filed seeking relief for these convictions. Because Petitioner has not obtained permission from the Court of Appeals for the Ninth Circuit to file this second habeas petition, the Court recommends the present habeas petition be dismissed without prejudice and referred to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Petitioner was convicted in Mason County Superior Court case number 12-1-00064-6. *See State v. Ivie*, 187 Wn.App. 1008 (Div. 2, 2015). He appealed contending there was insufficient evidence to convict; the trial court erroneously admitted statement he made to police officers and failed to make sufficient findings his statements were voluntary, the trial judge erred in instructing the jury, the trial court erred in failing to grant a new trial based upon juror misconduct and the state failed to prove prior criminal convictions for purposes of calculating his offender score at sentencing. *Id.* The Court of Appeals affirmed Petitioner's convictions but remanded for hearing on the calculation of Petitioner's offender score. *Id.*

Petitioner thereafter sought review of the Court of Appeals decision affirming his convictions and the Washington Supreme Court denied review on September 15, 2015. *State v. Ivie*, 184 Wn.2d. 1006 (2015). Petitioner subsequently filed a state personal restraint petition (PRP), seeking collateral relief of his convictions. *See Matter of Ivie*, 7 Wn.App.2d 1025 (Div 2, 2019). In this PRP. Petitioner argued the prosecutor improperly impugned defense counsel's role and integrity during rebuttal closing argument and defense counsel was ineffective because he failed to (1) consult with a qualified crime scene expert, (2) introduce veterinary records and testimony corroborating his testimony, (3) present testimony from an emergency room physician, Thomas J. Ferrer, M.D., regarding his physical and mental condition at the time he provided a statement to police at the hospital, (4) present testimony from Dr. Ferrer regarding the location of Ivie's gunshot wounds, (5) present testimony from Dr. Ferrer to rebut the impeachment of Ivie's direct testimony with his hospital statement, (6) introduce photographs of his gunshot wounds to challenge the State's version of the shooting, (7) prepare him to testify, (8) present an adequate closing argument including basic exculpatory facts, (9) object to testimony regarding the

REPORT AND RECOMMENDATION - 2

computer-based crime scene reconstruction, and (10) locate and interview lay witness Aaron Churchill to corroborate his story. Petitioner also argued the cumulative effect of the claimed errors denied him a fair trial. *Id.* The Court of Appeals rejected the arguments and denied Petitioner's PRP.

On January 13, 2020, Petitioner filed his first federal habeas petition challenging his Mason County Superior Court convictions and sentence. *See Ivie v. Haynes*, 20-cv-05027-RJB. The 2020 is petition raised nine grounds for relief:

1. Perjury – State witnesses lied under oath.

2. Suppression of Exculpatory Evidence – ballistic proof dispels State's fables and the State's witnesses lied under oath to reconstruct a myth to conceal their illegal actions.

3. Ineffective Assistance of Counsel – counsel colluded with the State and refused to challenge the State's deception.

4. Ineffective Assistance of Counsel - counsel refused to shed light on the State's history of harassment and false arrest of Petitioner.

5. Is it legally permissible for State officials to use spurious evidence that is proven unanimously by professional forensic analysis to be forged in order to "create conviction" of a U.S. Citizen?

6. Is it legally permissible for State officials to conceal abusive police actions by charging and convicting a U.S. Citizen for crimes proven to have not happened?

7. Is it legally permissible for State officials to commit perjury that diametrically opposes police radio call log and professional ballistic forensic records that were openly tampered with in order to falsely frame a U.S. Citizen?

REPORT AND RECOMMENDATION - 3

8. Is it legally permissible for State officials to commit perjury by lying under oath and concealing proof of that fraud by withholding exculpatory police records and purposefully introducing perjured witness testimony?

9. Is it legally permissible for police officers to harbor personal grudges throughout a multi-year, documented history of abusive and embarrassing false arrests, and act out upon that frustration by ambushing an unarmed U.S. Citizen in his own private gated community, who is committing no crime, and shooting him and his dog in the back with an automatic assault rifle. *See* Dkt 4 (20-cv-05027-RJB).

On October 30, 2020, the Court dismissed the first habeas petition on the grounds Petitioner failed to properly exhaust his grounds for relief and they are procedurally defaulted. Dkt 35 (20-cv-05027-RJB). The District Court and the Court of Appeals denied issuance of a Certificate of Appealability. *Id.* at Dkt 35 and 41.

On March 29, 2022, Petitioner submitted the federal habeas petition now before the Court. Dkt. 1. Petitioner indicates this is a "new habeas corpus case" and challenges the way the state courts have handled his conviction in Mason County Superior Court No. 12-1-00064-6. *See* Petition, Dkt. 4 at 1. Petitioner contends Mason County Superior Court Judge Glasgow improperly issued an order on January 4, 2022 dismissing Petitioner's "CrR 7.8 petition" and "illegally transferring the CrR 7.8 to the Division II Court to be a new PRP." *Id.* at 2. Petitioner contends Judge Glasgow is biased or misinformed and evidence from KMS Forensics Inc. and the State's own evidence prove Petitioner is innocent and a new witness Mr. Gilbert Greenwood was discovered in 2020 and proves the policed premeditated Petitioner's murder.

The evidence presented in support of the present habeas petition is not new evidence. In his first federal habeas petition filed in 2020, petitioner submitted the declaration of Kay

REPORT AND RECOMMENDATION - 4

1  Sweeney, the principle forensic scientist for KMS Forensics, Inc. The declaration is dated
2  October 3, 2016. Dkt. 4 at 38. In the present habeas petition, Petitioner attaches as an exhibit the
3  statement of Gilbert Greenwood. However, that statement was given on March 21, 2020, while
4  Petitioner's first habeas petition was in active litigation. Dkt. 4 (Exhibit at 58).

5        The Court's records thus establish, the present habeas petition is the second habeas
6  petition Petitioner has filed challenging his convictions in Mason County case number 12-1-
7  00064-6. Under 28 U.S.C. § 2244(b)(1), the Court must dismiss any claim which was presented
8  in a prior habeas petition. A claim in a second or successive petition must be dismissed even if
9  not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or
10  Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of
11  the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

12        These requirements flow from the Antiterrorism and Effective Death Penalty Act of 1996
13  (AEDPA).  The AEDPA "established a stringent set of procedures that a prisoner 'in custody
14  pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a
15  'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)."
16  *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

17        (3)(A) Before a second or successive application permitted by this section is filed
      in the district court, the applicant shall move in the appropriate court of appeals
18        for an order authorizing the district court to consider the application.

19  28 U.S.C. § 2244(b)(3)(A).

20        This provision creates a "gatekeeping" mechanism for the consideration of second or
21  successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant
22  must file in the court of appeals a motion for leave to file a second or successive habeas
23  application in the district court." *Id*. The petitioner must make prima facie showing the

REPORT AND RECOMMENDATION - 5

application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153; *see also Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001) (per curiam) (Filing a motion in the court of appeals and obtaining permission to file a second habeas petition is a jurisdictional requirement). Here there is nothing showing Petitioner has sought or obtained such permission.

The phrase "second or successive" is a term of art derived from the "abuse-of-the-writ" doctrine developed prior to enactment of the current language set forth in 28 U.S.C. § 2244. *Hill v. State of Alaska*, 297 F.3d 895, 897–898 (9th Cir.2002). The Petitioner in *Hill* had filed a habeas petition attacking his conviction and sentence. In *Hill,* the Court observed a second habeas petition is not automatically barred as second or successive. Rather a Court should consider whether the prisoner had an opportunity to raise his or her claims in the first petition.

In the present case, the Court dismissed Petitioner's first federal habeas petition with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. The grounds for relief raised in the present habeas petition are based upon legal theories and evidence that existed at the time of Petitioner filed his first habeas petition in 2020. Petitioner filed his first habeas petition on January 13, 2020. The forensic report of KMS Forensics, Inc., dated October 3, 2016 was submitted in support of the first habeas petition. Gilbert Greenwood gave a statement on March 21, 2020. The statement is not new evidence because Plaintiff could have submitted the statement in support of his first habeas petition given the fact there was active litigation in that case through the end of October 2020.

Because Petitioner could have raised the present grounds for relief in the first habeas petition the Court recommends the present habeas petition be referred to the Ninth Circuit for

REPORT AND RECOMMENDATION - 6

consideration as an application for leave to file a second or successive petition for writ of habeas corpus. *See* Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition . . . in the district court must file an application in the court of appeals demonstrating entitlement to such leave under section[ ] 2254.").

In addition to limitations on filing second or successive habeas petitions, federal law requires a petitioner to seek federal habeas relief in a timely manner. Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The present habeas petition which relies upon evidence Petitioner possessed more than one year ago appears barred by the statute of limitations.

The Court notes that if Petitioner claims the present habeas petition is timely or raises new grounds because it is limited to challenging Mason County Judge Glasgow's January 4, 2022, order dismissing Petitioner's CrR 7.8 motion and transferring the matter to the state court of appeals for consideration as a PRP, that state matter is clearly still pending before the state courts based on the dates proffered by Petitioner. It would be premature for this Court to address at this point a matter still on review in the state courts.

## CONCLUSION

The present petition is the second habeas petition Petitioner has filed seeking relief from his 2015 Mason County Superior Court convictions. His first petition was dismissed with prejudice by this Court in 2020. Petitioner claims he has new evidence – the statement of Mr. Greenwood and the KMS forensic report – but the record clearly establishes this evidence was available to Petitioner when he filed his first habeas petition in 2020. The present petition also challenges the way state judge Glasgow dismissed Petitioner's CrR 7.8 motion in January 2022

REPORT AND RECOMMENDATION - 7

and transferred it to the state court of appeals. That matter is obviously still pending in the state courts, and the Court should abstain from interfering with a matter that is on active review in the state courts. Accordingly, it is recommended the Court dismiss the present habeas petition without prejudice and transfer the matter to the Court of Appeals for consideration as an application for leave to file a second or successive petition for writ of habeas corpus under Ninth Circuit Rule 22-3(a).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 3, 2022.** The Clerk should note the matter for **May 6, 2022**, as ready for the District Judge's consideration. Objections shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 18th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8